Strafford,
No. 5236.

Harold W. Henderson, *Adm'r*

*v.*

Sherwood Motor Hotel, Inc. *& a.*

Argued June 2, 1964.
Decided July 1, 1964.

*Fisher, Parsons, Moran & Temple* (*Mr. Robert H. Temple* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendants Sherwood Motor Hotel, Inc. and Great American Insurance Company.

DUNCAN, J. Appeal under the Workmen's Compensation Law (RSA 281:37 (supp)) from a decision of the Commissioner of Labor that the plaintiff is not entitled to compensation. Following an opening statement by plaintiff's counsel, the Superior Court (*Morris*, J.) reserved and transferred to this court in advance of trial, subject to the defendants' exception, the question of whether the proceeding can be maintained. Counsel for the plaintiff agreed that the question should be determined upon the opening statement and waived any right to introduce evidence not referred to therein. Counsel for the defendants reserved all rights to insist upon proof of the facts stated.

The opening statement was in substance as follows. For some time prior to January 22, 1961, the plaintiff's intestate Janet Henderson Lincoln, was employed as a cocktail waitress by the defendant hotel. Late in the afternoon of Sunday, January 22, 1961, Mrs. Lincoln was called to the hotel for special duty to work until 9:00 P. M. In the course of the evening however she and other employees were asked to serve food and liquor to a party being held at the hotel by a fraternal organization. The liquor was supplied to the organization by the hotel and the organization in turn sold and served it to the guests at the party through employees, including the decedent, furnished by the hotel. In the course of waiting upon this party the decedent became intoxicated, to the knowledge of her employer. Although known by the employer to be intoxicated, she was "allowed to leave" the hotel at about 3:30 A. M. on January 23, 1961 to drive by herself to her home in Barrington. On the way home she was instantly killed in an accident at about 4:00 A. M. The alcoholic content of her blood at the time was found to be .22%.

The decedent was survived by a dependent minor daughter, custody of whom had been granted to her by a decree of divorce. The plaintiff, who is the father of the decedent, is administrator of her estate. He and his wife were appointed guardians of the minor dependent at the same time that the plaintiff was appointed administrator.

The principal issue is whether the death of the employee was "death arising out of and in the course of the employment" within the meaning of the Workmen's Compensation Law. RSA 281:2 III. We are of the opinion that the facts stated warrant a conclusion that it was. In undertaking to serve the function being conducted at the hotel by an organization which was a patron of her employer, the decedent was acting for the benefit of her employer, at its request. Her service was an incident of the accommodation furnished by the hotel to its guests. The fact that no compensation was paid by the hotel directly to the employee for the services which she rendered after 9:00 P. M. is not conclusive of the issue of whether her services were a part of her employment. See *Senter* v. *MacLeod*, 102 N. H. 258, 260. In complying with her employer's request, she cannot be said to have left her employment. See *Maheux* v. *Cove-Craft Co.*, 103 N. H. 71, 75.

The accident which resulted in her injury and death occurred after the employee had left her place of employment, at some distance from it. If the accident resulted from her intoxication, her death could clearly be found to have arisen "out of" her employment. *Donovan* v. *Mills*, 90 N. H. 450, 452. The question of whether it arose "in the course of the employment" is more difficult of determination. *Lybolt* v. *Company*, 85 N. H. 262; *Brousseau* v. *Blackstone Mills*, 100 N. H. 493; *Cf. United States F. & G. Co.* v. *Gagne*, 103 N. H. 420.

"In this jurisdiction we do not regard the going-and-coming rule as either necessary or particularly useful in deciding coverage under the Workmen's Compensation Law." *Brousseau* v. *Blackstone Mills*, *supra*, 495. See Workmen's Compensation: Developments, 41 Neb. L. R. 1, 51. As indicated in the *Brousseau* case, the question is here governed by determination of whether the cause of the injury can properly be considered a hazard of the employment. *Id.*, 495. Although the Workmen's Compensation Law is not intended to protect the employee from all of the perils of travel between home and place of employment (*Id.*, 496) it may properly be held to provide protection when a peril which arises out of the employment overtakes the employee when he is returning home after employment beyond the usual working hours, as the result of special duties which thus subject him to special travel risks. *Bobertz* v. *Board of Education*, 134 N. J. L. 444, 447. See *Snook* v. *Portsmouth*, 90 N. H. 441; *White* v. *Company*, 85 N. H. 543; *Hirsch* v.

*Company*, 97 N. H. 480.

Under the circumstances related by counsel for the plaintiff in this case, the decedent's employment may reasonably be said to have "put the deceased at the place where [she] was and in the condition [she] was in at the time of the accident," as was observed in a recent analogous case. *O'Regan* v. *New Jersey Hardware Co.*, 74 N. J. Super. 41, 48. See also, *Harrison* v. *Stanton*, 26 N. J. Super. 194, *aff'd* 14 N. J. 172.

The relation between the parties differed from that considered in *Tullgren* v. *Company*, 82 N. H. 268, where the employer undertook to transport a sick employee to her home. In the case before us, as Larson has vividly pointed out: "The time-bomb . . . started ticking during working hours; but it happens to go off at a time and place remote from the employment. The hazards of the employment . . . follow the claimant beyond the time and space limits of his work, and there injure him." 1 Larson, Workmen's Compensation Law, s. 29.22, *p.* 450. As the cited section also points out the statutory language "'arising' connotes origin, not completion or manifestation." *Id.*, *p.* 451. See also, *ss.* 15.30, 15.31.

We hold that the facts set forth in the opening statement of counsel, if supported by the evidence, entitle the claimant to maintain the proceeding for compensation, since they would warrant a finding and ruling that the injury arose out of and in the course of the employment.

Other issues presented by the arguments appear to require no extended consideration upon this transfer. The fact that the accident was caused by the decedent's intoxication is no bar to the action, since it was stated that "the employer knew that the employee was intoxicated." RSA 281:15. See *Allison* v. *Company*, 98 N. H. 434; *Bolduc* v. *Company*, 97 N. H. 360, 367.

The defendants correctly point out that the cause of action under the Workmen's Compensation Law for compensation for death belongs to the surviving dependents. *Hirsch* v. *Company*, 97 N. H. 480; *Brown* v. *Hubert*, 100 N. H. 194. In this case notice of the claim was seasonably given to the employer as provided by RSA 281:16-18 (supp), and the fact that the claim was on behalf of the dependent minor daughter was adequately made known. While the plaintiff may not recover in his capacity of administrator, no reason is apparent why he may not properly be permitted to maintain the action as guardian of the minor dependent, upon appropriate amendment. RSA 514:

8. See *Roy* v. *Roy*, 101 N. H. 88; *Coburn* v. *Dyke*, 103 N. H. 159.

*Remanded.*

All concurred.