**NEW CASTLE COUNTY, Employer-Appellant,**

**v.**

**Doris LESTER, Employee-Appellee.**

Supreme Court of Delaware.

Submitted March 11, 1975.

Decided April 14, 1975.

Howard M. Berg, Berg, Komissaroff & Sawyer, Wilmington, for employer-appellant.

Jay H. Conner, Conner, Daley & Erisman, Wilmington, for employee-appellee.

Before DUFFY, Justice, WRIGHT, Judge, and BROWN, Vice Chancellor.

PER CURIAM:

This is an appeal from an order of the Superior Court affirming an award under the Workmen's Compensation Act.

I

For present purposes it is undisputed that the Claimant sustained a compensable accident on May 27, 1965. She filed a petition for compensation with the Industrial Accident Board on May 5, 1972.

Claims under the Act are governed by a two-year statute of limitations. 19 Del.C. § 2361(a). Claimant argues that the statute was tolled because she had been given erroneous information by her Em-

ployer about the period of time available to her for filing a claim. The Board concluded that the statute was tolled. It found that there was no intention "to dupe' the claimant" nor was any representation as to the limitations period based upon "malice." But the Board concluded that, for decision purposes, the situation was akin to fraud and thus the statute should be tolled from August 1966 until Claimant consulted counsel as to her rights under the Act. The Superior Court affirmed.

## II

■ Assuming, without deciding, that an estoppel bars the Employer from asserting the statute, a matter as to which we have some doubt, compare Hopper v. F. W. Corridori Roofing Company, Del.Supr., 305 A.2d 309 (1973), the undisputed findings made by the Board show that the statutory period of two years had run before the Claimant's petition was filed. The Board concluded "that the two year statute of limitations was tolled from August, 1966 until the claimant consulted with [counsel] relative to her rights under the Workmen's Compensation Law of this State." Although the Board made no specific finding as to the latter date, the supplemented record before us makes it clear that the date was March 25, 1971.

The accident occurred on May 27, 1965, and the Claimant spoke to Mr. Roberts and received the erroneous advice on which she relied in either August or September 1966. Assuming that the date was August 1 (thus providing the shortest period), it is then undisputed that for a period of fourteen months after the accident and prior to talking with Mr. Roberts she was not in any way dissuaded from filing a claim by any action of her Employer. Although she consulted with counsel on March 25, 1971, the petition was not filed with the Board until May 5, 1972. It is likewise undisputed that for this period of more than thirteen months she was not in any way dissuaded by her Employer from filing a claim.

It thus appears that the Claimant delayed for a period of twenty-seven months, or more than that statutory period of two years, before filing her petition even if the statute be regarded as tolled for the time found by the Board. In affirming the decision of the Board, the Superior Court adopted the Board's conclusions of fact and rulings of law as its opinion in the case. It therefore follows that the judgment of the Superior Court must be reversed.