Malcolm McGregor, Monte B. Roberts, Jr., El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, George W. Finger, James T. McNutt, Jr., El Paso, for appellee.

**Darlene PRICE, Appellant,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Appellee.**

**No. 6645.**

Court of Civil Appeals of Texas, El Paso.

Dec. 30, 1977.

Rehearing Denied Feb. 8, 1978.

## OPINION

OSBORN, Justice.

This is an appeal from a summary judgment denying any recovery in a workmen's compensation case arising out of injuries sustained by a waitress who went to sleep and had a car wreck while driving home after having worked for 25 hours over a period of 28 hours. She seeks recovery under Article 8309 [1], Sec. 1, which defines "injury sustained in the course of employment," but not under Article 8309, Sec. 1b, which permits recovery in certain instances where travel is performed by an employee. We affirm.

The carrier filed its motion for summary judgment based upon the testimony of Darlene Price given in a deposition on file in this case and the answers to interrogatories. The facts are not in dispute. Mrs. Price, who was employed as a waitress-cashier at

---

1. All Article references are to Tex.Rev.Civ.Stat.Ann.

Sambo's Restaurant, worked her regular shift from 10:00 o'clock p. m. on April 28, 1974, until 6:00 o'clock a. m. on April 29, 1974. The employee who was to relieve her at 6:00 o'clock a. m. on the 29th did not report to work and Mrs. Price was required to continue on duty until she was relieved at 1:30 o'clock p. m. She went home and rested for a short period and came back to work at 4:30 o'clock p. m. on the 29th and remained on duty until 2:00 o'clock a. m. on the 30th. At that time, she left the restaurant and started home, but went to sleep while driving on the freeway and hit the rear of another car, resulting in the injuries and disability for which she now seeks compensation benefits.

The sole and only issue as raised by the motion for summary judgment and this appeal is whether or not Mrs. Price was in the course of employment when she was injured. Article 8309, Sec. 1b, provides for compensation benefits in certain instances where injuries are incurred in travel by an employee. This Court has discussed the application of that Statute and the cases arising from it in two recent decisions. *Liberty Mutual Insurance Company v. Chesnut,* 539 S.W.2d 924 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Byrd,* 540 S.W.2d 460 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). Those cases recognize the holding in *Janak v. Texas Employers' Insurance Association,* 381 S.W.2d 176 (Tex. 1964), that injuries sustained during travel are in the course of employment and therefore compensable, "only when transportation is (1) furnished as a part of the contract of employment, or (2) is paid for by the employer, or (3) is under the control of the employer, or (4) when 'the employee is directed in his employment to proceed from one place to another place.'"

The Appellant in this case recognizes that she cannot come within any of these four provisos of the travel section of the compensation Statute. Thus, the cases interpreting and applying Article 8309, Sec. 1b, are not urged as controlling, even though this is a case involving "travel injuries."

Instead, the contention is made that there is coverage under Article 8309, Sec. 1, because the condition of sleepiness developed while Mrs. Price was on the job and at her place of employment, and thus the injuries which she sustained originated in the employer's work. Finding no Texas case to support this position, Appellant relies primarily upon cases from other jurisdictions. Particularly, she cites cases where recovery has been permitted where an employee became intoxicated at a company party and then had an accident on the way home. See *Henderson v. Sherwood Motor Hotel, Inc.,* 105 N.H. 443, 201 A.2d 891 (1964); *McCarty v. Workmen's Compensation Appeals Board,* 12 Cal.3d 677, 117 Cal.Rptr. 65, 527 P.2d 617 (1974).

One of the very first cases to consider "injury sustained in the course of employment" is *American Indemnity Co. v. Dinkins,* 211 S.W. 949 (Tex.Civ.App.—Beaumont 1919, writ ref'd). The facts in that case established that Mr. Dinkins, an employee at the Magnolia Refinery at Beaumont, was killed in a motorcycle accident about ¾ths of a mile from the Refinery gate as he was proceeding home from work. In denying recovery, the Court noted that the record established "that Dinkins did not receive the injury while engaged in or about the furtherance of the affairs of the Magnolia Petroleum Company, but, on the other hand, it plainly shows that he was bent on his own rest and refreshment, and that at the time of the injury the employer was exercising no control whatever over him * * *." The Court went on to note that the Legislature had defined "an injury received in the course of employment" as "one which must 'originate in the work,'" and in addition be received by the employé 'while engaged in or about the furtherance of the affairs or business of his employer, * * *.'" Based upon that language, the Court concluded that "it clearly appears that the spirit of the Texas law requires that the employé must be actually about

the furtherance of his master's business when the casualty occurs * * *." The holding in this case was expressly approved in *Lumberman's Reciprocal Ass'n v. Behnken,* 112 Tex. 103, 246 S.W. 72 (1922). It was again cited with approval in *Smith v. Texas Employers' Ins. Ass'n.,* 129 Tex. 573, 105 S.W.2d 192 (1937), where the Court noted that for an injury to have been sustained in the course of employment it must be established (1) that the injury occurred while the employee was engaged in or about the furtherance of the employer's affairs or business, and (2) that the injury was of such kind and character as had to do with and originate in the employer's work, trade, business, or profession.

While noting the decision in *Smith v. Texas Employers' Ins. Ass'n.,* supra, this Court, in *Jones v. Texas Indemnity Ins. Co.,* 223 S.W.2d 286 (Tex.Civ.App.—El Paso 1949, writ ref'd), said:

> " * * * An injury does not arise out of employment unless the employee is engaged in the business of his employer."

In *Walker v. Texas Employers' Insurance Association,* 443 S.W.2d 429 (Tex.Civ.App.—Fort Worth 1969, writ ref'd), the Court noted that one engaged in a purely personal mission is not doing something in furtherance of his employer's business.

The rule as first announced by the Courts on course of employment has never changed. In a most recent compensation case, *Texas Employers' Insurance Association v. Page,* 553 S.W.2d 98 (Tex.1977), the Court, in construing Section 1 of Article 8309, said:

> " * * * Thus, for a claimant to recover under our statute he must meet two requirements. First, the injury must have occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. Second, the claimant must show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. * * *"

Even if we hold that because of the long hours on the job, Appellant became sleepy and thus rationalize that the cause of the automobile accident was such that it did originate in the employer's work, the first requirement has not been satisfied. The injury occurred while Mrs. Price was on a personal trip going to her home from her place of employment, and not while she was engaged in or about the furtherance of the affairs or business of her employer. Thus, the first requirement set forth in the *Page* case has not been satisfied.

The Appellant's point of error is overruled. The judgment of the trial Court is affirmed.