## HOUSTON GENERAL INSURANCE COMPANY, Appellant,

v.

## Rita LUJAN, a Widow, et al., Appellees.

### No. 08-87-00095-CV.

Court of Appeals of Texas,
El Paso.

Oct. 14, 1987.

Rehearing Denied Nov. 10 and
Dec. 2, 1987.

Bruce Bangert, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Robert Trenchard, Jr., Wesch & Trenchard, Kermit, Michol O'Connor, Houston, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

### OPINION

WOODARD, Justice.

Defendant carrier appeals from a judgment awarding death benefits under workers' compensation to Plaintiffs. We reverse and render.

On July 11, 1985, the deceased was painting pipe when the paint spraying mechanism erupted and saturated him with paint. He poured about two and one-half gallons of gasoline on himself in an effort to remove the paint. He went home, cast off his clothes and entered a small bathroom containing a water heater. The pilot light of the heater ignited the fumes from his body, which in turn ignited the gasoline, paint, and paint thinner on his body. He died two days later.

What confronts us is a problem of origin of injury as opposed to its manifestation. A more fair approach may very well prescribe the origin to be the critical determinative with the moment of manifestation to be immaterial.

A case in point is *Daniello v. Machise Express Co.*, 119 N.J.Super. 20, 289 A.2d

558 (N.J.Misc.1972). In that case, the claimant, a truck driver, delivered jet fuel on the day of injury. On one occasion, fuel splashed on his uniform and body, and during the day fumes permeated his clothing and body. After returning home in the evening, and while still wearing his uniform, claimant lit a match, at which time he burst into flames as the result of the ignition of the fumes which remained on his body and clothing. The court reversed a denial of benefits, holding that despite the fact the incident occurred while claimant was at home, it had its inception in claimant's work.

The New Jersey statute in effect at the time compensated injuries "arising out of and in the course of his employment." Workers' Compensation Act (N.J.Stat.Ann. sec. 34:15–1).

Its Texas counterpart, Tex.Rev.Civ.Stat. Ann. art. 8309, sec. 1 (Vernon Supp.1987), requires that for an injury to be sustained in the course of employment, it must be established that: (1) the injury occurred while the employee was engaged in or about the furtherance of the employer's affairs or business, and (2) the injury was of such kind and character as had to do with and originated in the employer's work, trade, business or profession. *Price v. American Home Assurance Company*, 562 S.W.2d 7 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); *Smith v. Texas Employer's Ins. Ass'n.*, 129 Tex. 573, 105 S.W.2d 192 (1937); *American Indemnity Co. v. Dinkins*, 211 S.W. 949 (Tex.Civ.App.—Beaumont 1919, writ ref'd). Workers' compensation is a creation of statute and is limited by the words of its origin. Our law, harshly perhaps, restricts the origin and manifestation of injury to the time and space confinement of engagement in or about the furtherance of employer's affairs or business.

The issues submitted to the jury were a mutated form of the heart attack issues as set out in 2 State Bar of Texas, Texas Pattern Jury Charges, PJC 29.03 and 29.04 (1970). The heart attack type cases do not register as an exception to the rule. In those types of cases, the injury and its manifestation is a collapse of a heart weakness caused by strain or exertion. It meets the two-prong test even though the severity of the injury may progressively worsen.

The deceased suffered discomfort of the skin at the time of the gasoline soaking and it is contended that the injury commenced at that time. However, he died of combustible burning, not chemical, so we must reject this reasoning.

The Plaintiffs claim the positional risk doctrine. This doctrine is espoused in 1 Larson, Workmen's Compensation Law sec. 6.50, at 3–6 (1985). The theory is that an injury arises out of the employment if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where he was injured. So far, this doctrine has been restricted in Texas to cases regarding assaults by fellow man and an assault by stinging wasps. *Walters v. American States Insurance Company*, 654 S.W.2d 423, 426 (Tex.1983).

It is further maintained that the personal comfort and travel doctrine cases are additional examples of adoption of the positional risk theory. These cases are generally based on the thesis that the claimant has not left his course of employment at the time of the origin and manifestation of the injury. All points of error are sustained.

The judgment of the trial court is reversed, and judgment is hereby rendered that the Plaintiffs are denied recovery.

OSBORN, Chief Justice, concurring.

I concur.

The term "injury sustained in the course of employment" is defined in Tex.Rev.Civ. Stat.Ann. art. 8309, sec. 1 (Vernon Supp. 1987), to include "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

That language establishes two requirements in order for a worker to recover

benefits under the statute. First, the injury must have occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. Second, the claimant must show that injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. The Supreme Court of Texas has recognized this two-prong test on many occasions. *Deatherage v. International Insurance Co.,* 615 S.W.2d 181 (Tex.1981); *Biggs v. United States Fire Insurance Company,* 611 S.W.2d 624 (Tex.1981); *Texas Employers' Insurance Association v. Page,* 553 S.W.2d 98 (Tex.1977); *Shelton v. Standard Insurance Company,* 389 S.W.2d 290 (Tex.1965); *Texas General Indemnity Company v. Bottom,* 365 S.W.2d 350 (Tex.1963); *Smith v. Texas Employers' Ins. Ass'n.,* 129 Tex. 573, 105 S.W.2d 192 (1937). In this case, the only question is with regard to the first requirement, that being that the claimant was engaged in or about the furtherance of his employer's affairs or business when the injury occurred.

This Court has followed those cases in several instances where the employee sustained an injury off the employer's premises and when the travel doctrine was not relied upon. In *Price v. American Home Assurance Company,* 562 S.W.2d 7 (Tex. Civ.App.—El Paso 1977, writ ref'd n.r.e.), we relied in part upon three writ refused cases to conclude that an employee who worked twenty-five hours in a twenty-eight-hour period and had an accident when she fell asleep did not sustain such injury while engaged in the business of her employer. Further, in *Thomas v. Travelers Insurance Company,* 423 S.W.2d 359 (Tex. Civ.App.—El Paso 1967, writ ref'd), this Court found that an employee who died in a fire at his home was not engaged in the furtherance of his employer's business even though he was at the time "on call." That decision was based in part upon this Court's decision in *Wallace v. Texas Indemnity Ins. Co.,* 94 S.W.2d 1201 (Tex.Civ. App.—El Paso 1936, writ ref'd), where an employee died in a bunkhouse fire. The Court concluded that Mr. Wallace while on his own time "was not engaged in the work of his employer" even though he was on the employer's premises at the time of the fire. Like this case, none of those cases involved questions of an employee while engaged in travel for his employer, as in *Texas Employers' Insurance Association v. Dryden,* 612 S.W.2d 223 (Tex.Civ.App.— Beaumont 1980, writ ref'd n.r.e.); or on an assignment away from his regular place of employment for his employer, as in *Aetna Casualty & Surety Company v. Orgon,* 721 S.W.2d 572 (Tex.App.—Austin 1986, writ ref'd n.r.e.); or the "access doctrine," as in *Texas Compensation Insurance Company v. Matthews,* 519 S.W.2d 630 (Tex.1974); and they did not involve a question of a strain on the job which subsequently resulted in a heart attack, as in *Baird v. Texas Employers Insurance Association,* 495 S.W.2d 207 (Tex.1973). If the Worker's Compensation Act said "while engaged or after being engaged" in the furtherance of the affairs or business of his employer, we would have no hesitance in permitting a recovery of death benefits. The statute does not so provide.

In *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605 (Tex.1985), we were again reminded:

"Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain."

In this case, counsel for Appellant acknowledged in oral argument, as the facts clearly reflect, that Mr. Lujan was not, at the time of the fire which caused his death, engaged in the furtherance of his employer's affairs or business. Based upon those

facts and the statute as written, recovery must be denied.

FULLER, Justice, concurring.

The result of our decision in this case, in my opinion, is correct but is manifestly unfair. It is the law until changed by statute or extension of prior rulings of our Supreme Court. It makes no logical sense to say that benefits would have been recoverable if the deceased had only struck a match or walked near a heater during his working hours, but because he did walk near a heater upon arrival at his home, the widow and children are denied death benefits for a tragedy that occurred as a result of an event that had its origin at the workplace. It should be within the contemplation of his employment that the paint accident would require a cleaning-up either on or off the employer's premises and therefore be compensable.