Rita LUJAN, et al., Petitioner,

v.

HOUSTON GENERAL INSURANCE
COMPANY, Respondent.

No. C–7056.

Supreme Court of Texas.

July 6, 1988.

Rehearing Denied Oct. 5, 1988.

Michol O'Connor, Houston, and Robert Trenchard, Jr., Wesch & Trenchard, Kermit, for petitioner.

Bruce Bangert, Shafer, Davis, McCollum, Ashley, O'Leary & Stocker, P.C., Odessa, for respondent.

OPINION

RAY, Justice.

The question in this workers' compensation case is whether the death of Abelardo Lujan occurred in the course of his employment. The trial court rendered judgment for Lujan's statutory heirs based on the jury's verdict. The court of appeals reversed and rendered judgment that the Lujan family take nothing. 740 S.W.2d 34. Because we hold that Lujan's death occurred in the course of his employment, we reverse the court of appeals' judgment and render judgment for the Lujan family.

Abelardo Lujan was a painter employed by Ezell Paint & Tank Company in Kermit, Texas. On July 11, 1985, Lujan, along with co-worker Randy Heath, was painting pipe, using a pressurized spray unit to apply paint mixed with thinner. About mid-afternoon, Heath noticed that the unit was leaking. Lujan tried to tighten the connection with a crescent wrench. The unit, which was under ninety pounds of pressure, blew the line off and soaked Lujan with industrial paint.

Lujan used gasoline to remove the paint. He soaked himself with gasoline and wiped

off some of the paint and gasoline with paper towels and rags. Lujan decided to go home early to bathe since there were no facilities provided by his employer at the job site for such purposes. On the way back to the shop, Lujan remarked that his skin was burning. In order to reduce the burning, Lujan draped some clothing over himself as protection from the sun.

Lujan closed the shop and went home. Mrs. Lujan testified that when he arrived home, her husband was "full of paint," and that when he took his clothes off, he had paint all over his body. Lujan went into the bathroom to bathe, and the pilot light in the water heater ignited the fumes from his body and caused a flash fire.

When Mrs. Lujan opened the bathroom door, Lujan came out covered with fire. She helped him get the fire out with some clothing, and took him outside, yelling for help. Lujan was taken to the hospital, where he died two days later. The gasoline fumes had triggered the flash fire, but the paint and the thinner, which completely covered Lujan's body, caused the severity of his burns.

The jury's verdict consisted of its answer to one question: whether Lujan's work or the conditions of his employment result in an injury to him which was a producing cause of his death. The jury answered "yes," and the trial court rendered judgment for the Lujan family.

The Lujans complain that after discussing the applicable statute and arguments made by them, the court of appeals sustained all the insurance carrier's points of error in one sentence: "All points of error are sustained." The opinion did not mention any point of error, or reveal the reasoning for the holding. Before reaching the merits of the appeal, we must address the problems presented by such a holding.

Texas Rule of Appellate Procedure 90(a) mandates that the "court of appeals shall hand down a written opinion which ... shall address every issue raised and necessary to final disposition of the appeal." Since the court of appeals in this case sustained all the insurance carrier's points to reverse and render, the points sustained

were apparently "necessary to [a] final disposition of the appeal." We are not presented with a court merely overruling points not necessary to the outcome of the appeal. *See, e.g., Davis v. Pletcher*, 727 S.W.2d 29, 36 (Tex.App.—San Antonio 1987, writ ref'd. n.r.e.). Instead, the court of appeals *sustained* points without discussion.

We agree with the Lujans that Rule 90 does not permit a court of appeals to sustain points which are dispositive of the case without revealing its reasoning. Such a practice not only goes against Rule 90, it undermines the very purpose behind issuing opinions. When a court of appeals does not address points which it has sustained, this court and the parties before it are left with nothing but speculation as to why the court of appeals ruled as it did.

The vice inherent in this blanket disposition is demonstrated by the primary issue of this appeal: whether Lujan's death was an injury sustained in the course of his employment. Because the court of appeals reversed and rendered judgment that the statutory beneficiaries take nothing, but did not favor us or the parties with its reasoning, we must assume that the court of appeals held, as a matter of law, that Lujan's injury was not sustained in the course of his employment. We conclude otherwise, and therefore reverse the judgment of the court of appeals.

Under the Workers' Compensation Act, an injury is compensable if it is sustained in the course of employment. Tex.Rev.Civ. Stat.Ann. art. 8306, § 3b (Vernon 1967). The Act provides that the term "injury sustained in the course of employment"

(4) ... shall include all other injuries of every kind and character *having to do with and originating in* the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises *or elsewhere*. (emphasis supplied).

Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967).

Often, the manifestation of an injury occurs later than the precipitating event. In his treatise on workers' compensation law, Larson uses the label "delayed-action" to describe cases in which the risk associated with employment causes an injury after work hours and off the premises of the employer. 1A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 29.22 (1985); *see also* Larson, *Range of Compensable Consequences in Workmen's Compensation,* 21 Hastings L.J. 609 (1970). Texas courts have allowed recovery in delayed-action cases. For example, claimants have recovered under the Workers' Compensation Act when a fatal heart attack occurred at home, days or months after the strain or overexertion occurred at work. This is because the injury to the heart originated in the employment, but manifested itself at a later time. *See Stodghill v. Texas Employers Insurance Ass'n,* 582 S.W.2d 102 (Tex.1979); *Texas Employers Insurance Ass'n v. Mitchusson,* 515 S.W.2d 168 (Tex. Civ.App.—Eastland 1974, no writ); *Hardware Mutual Casualty Co. v. Wesbrooks,* 511 S.W.2d 406 (Tex.Civ.App.—Amarillo 1974, no writ); *Aetna Casualty & Surety Co. v. Calhoun,* 426 S.W.2d 655 (Tex.Civ. App.—Beaumont 1968, writ ref'd n.r.e.); *Lyles v. Texas Employers' Insurance Ass'n,* 365 S.W.2d 819 (Tex.Civ.App.—Texarkana 1963, writ ref'd n.r.e.). These heart attack cases highlight the importance of the "originating in" language of article 8309, section 1. It is the origin of an injury which is crucial, since the real question is whether the event was an industrial accident. The moment of manifestation is almost immaterial. See 1A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION, § 29.22 (1985).

In *Daniello v. Machise Express Co.,* 119 N.J.Super. 20, 289 A.2d 558 (Atlantic County Ct.1972), a New Jersey court was confronted with a delayed-action case, the facts of which are similar to those of the case at bar. Mr. Daniello was a truck driver. On the day of his injury, he delivered jet fuel, which splashed on him and permeated his body and uniform. When he arrived home at the end of the work day, his eight year old son was taking trash to the incinerator to be burned. Since he never allowed his son to burn trash, Daniello told his son that he would burn it. When he struck a match, the fire ignited the fumes from the jet fuel on his clothes and body. Based on a similar workers' compensation statute, the New Jersey court of appeals reversed a denial of benefits. The court held that although Daniello's injury occurred at home, he was in the course of employment because the incident originated at his work.

In this case, Houston General Insurance Company urges a strict construction of article 8309, section 1. The carrier argues that because the accident itself, the fire which burned Lujan, did not occur while Lujan was working, he may not recover. It is well settled that the Workers' Compensation Act should be liberally construed in favor of the worker. *Hargrove v. Trinity Universal Insurance Co.,* 152 Tex. 243, 246, 256 S.W.2d 73, 75 (1953). More recently, we have warned that the provisions of the Act "should not be hedged about with strict construction, but should be given a liberal construction to carry out its evident purpose." *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.,* 701 S.W.2d 243, 245 (Tex.1985).

The obvious and stated purpose of the Act is to provide compensation to employees whose injuries "hav[e] to do with and originat[e] in the work, business, trade or profession of the employer...." Art. 8309, § 1. Thus, we conclude that the court of appeals erred in holding that Lujan's death is not a compensable injury merely because the injury manifested itself at home. Mr. Lujan was on the job painting when he was soaked with paint. Still on the job, he tried to remove the paint with gasoline. Lujan went home to wash the gasoline and paint from his body. He was severely burned in a flash fire which occurred because of the substances on his body. He became covered with these substances, gasoline, paint, and paint thinner, while he was furthering the business of his employer. Although a delay of the action occurred, reasonable minds cannot differ that his injury "had to do with his work" as

a painter, and the cause of his death "originated at his work" when he was covered with gasoline, paint, paint thinner, and surrounded by the fumes attendant to these liquids. The fact that the fumes ignited at home in his bathroom does not preclude the injury from being one sustained in the course of employment. Article 8309, section 1 specifically anticipates that injuries in the course of employment may occur "upon the employer's premises or elsewhere."

An employee is not deprived of the benefits of workers' compensation merely because he was not actually working when the accident occurred. Recently in *Yeldell v. Holiday Hills*, we allowed recovery for a claimant who was on the employer's premises, but was injured while making a personal phone call. We held, as a matter of law, that Ms. Yeldell was in the course of her employment.

In *Yeldell* we noted that often an employee, in the course of employment, reasonably performs acts of a personal nature for purposes of health and comfort. As examples, we listed quenching thirst or relieving hunger. In the case at bar, Lujan went home early to bathe because the gasoline, paint, and paint thinner were causing him personal discomfort and irritation, and needed to be removed from his skin. For this court to deny recovery to Lujan because he could not bathe at his place of employment, even though he was drenched with gasoline on the job, would work an absurd and unjust result. Such a holding would violate the liberal construction rules which favor the employee, and would defeat the obvious, evident, and stated purpose of the Workers' Compensation Act. While ordinarily the issue of course of employment is one for the factfinder, under the undisputed facts of this case we hold as a matter of law that Lujan was in the course of his employment.

Houston General brings cross-points which complain of the jury charge. The carrier also calls to our attention factual sufficiency points raised, and requests a remand following our disposition of the case so that the court of appeals may determine the sufficiency of the evidence to support the jury finding. Because we hold that Lujan was in the course of employment as a matter of law, and thus that reasonable minds could not differ, Houston General's cross-points are moot. We reverse the judgment of the court of appeals, and render judgment for the statutory beneficiaries.

GONZALEZ, J., dissents.

CULVER, J., not sitting.

GONZALEZ, Justice, dissenting.

The court's opinion is overly broad. I would reinstate the jury verdict and remand this cause to the court of appeals for consideration of respondent's insufficiency of the evidence points of error.

An injury must be sustained in the course of employment before an employee or statutory beneficiary can recover benefits under the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, § 1. Generally, in order to recover, a claimant must show that (1) the injury occurred while the employee was engaged in or about the furtherance of the employer's business; and (2) the injury was of such kind and character as had to do with and originated in the employer's business. *Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex.1981); *Deatherage v. International Ins. Co.*, 615 S.W.2d 181, 182 (Tex.1981); *Texas Employers Ins. Ass'n v. Page*, 553 S.W.2d 98, 99 (Tex.1977).

In this case, the first prong of the course of employment test was hotly contested. The issue was properly submitted to the jury and it was answered in Lujan's favor. There is some evidence, more than a scintilla, to support the jury's answer. Therefore, I would reinstate the jury verdict. By refusing to honor the verdict of the jury, the court is sending a signal to the trial judges not to submit this ultimate question of fact to the jury, but to rule on it as a matter of law. In my opinion, absent a stipulation or agreement, this is clearly a fact question for resolution by the trier of fact.

The court's opinion has great potential for mischief. I am concerned that it will result in many unnecessary appeals. Also, respondent perfected numerous insufficiency of the evidence points of error. Under *McKelvy v. Barber*, 381 S.W.2d 59 (Tex. 1964), it is entitled to have the cause remanded to the court of appeals for consideration of these points of error. I would reverse the judgment of the court of appeals and remand this cause to that court for consideration of the insufficiency points of error.