TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Petitioner,

v.

Mason Don PAGE, Respondent.

No. B–6449.

Supreme Court of Texas.

May 25, 1977.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, for petitioner.

Carter, Jones, McGee, Rudberg, Moss & Mayes, Albert E. Andres, Dallas, for respondent.

DANIEL, Justice.

This is a workmen's compensation case filed by Mason Don Page, an employee of the Preston State Bank in Dallas, against Texas Employers Insurance Association, the workmen's compensation insurance carrier for the bank, seeking compensation benefits for an injury alleged to have been sustained or aggravated while on the job. The principal question to be decided is whether Page was injured in the course of his employment within the meaning of Section 1 of Article 8309.[1]

Trial was before a jury. At the conclusion of Page's evidence, the trial court granted an instructed verdict for Texas Employers. Upon appeal by Page, the Court of Civil Appeals reversed and remanded. 544 S.W.2d 452. We affirm the judgment of the Court of Civil Appeals.

Prior to the injury in question, Page had been employed as a bank security guard for sixteen years. Each morning his principal duty was to walk from the main bank building, across the bank's parking lot and driveway, open the motorbank teller windows and return to the main bank premises. On December 2, 1974, Page's right knee "buckled" as he walked across the bank parking lot after opening the teller windows. He fell, striking his right knee, wrist and left arm on the parking lot surface. The surface was relatively flat and paved. The evidence shows that Page's fall was related solely to his right knee "buckling." There is evidence of skin abrasions and swelling in the right knee allegedly sustained as a result of the fall. After attempts to treat the knee failed, doctors performed a total knee implant operation. Page has not worked for the bank since December 2, 1974.

Some three and one-half years prior to this incident, Page, who was on vacation from his regular bank job, sustained a compensable injury to his right knee while working as a temporary security guard at the Dr. Pepper Bottling Company. That particular injury forced Page to miss almost four and one-half months of work. Upon returning to work at the bank, Page resumed his normal duties with little difficulty. In November 1974, Page took two weeks sick leave to rest his knee when it became swollen. On December 2, 1974, he returned to work at the bank and sustained the injury complained of here.

■ Section 1 of Article 8309 provides that the term "injury sustained in the course of employment" shall include with certain exceptions not relevant here, "all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Thus, for a claimant to recover under our statute he must meet two requirements. First, the injury must have occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. Second, the claimant must show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. *Shelton v. Standard Insurance Co.,* 389 S.W.2d 290 (Tex.1965); *Texas General Indemnity Co. v. Bottom,* 365 S.W.2d 350 (Tex.1963); *Smith v. Texas Employers' Ins. Ass'n.,* 129 Tex. 573, 105 S.W.2d 192 (1937).

The record conclusively shows that Page satisfied the first requirement. At the time of his injury, Page was performing his duties as a bank security guard in furtherance of his employer's business. Texas Employers argues, however, that the evidence

---

1. All citations to statutes refer to Vernon's Annotated Texas Civil Statutes, unless otherwise noted.

shows that Page failed to meet the second requirement: that the injury was of a kind and character that had to do with and originated in the employer's business. Texas Employers contends that Page's injury resulted solely from the pre-existing infirmity of his right knee joint or that, in any event, idiopathic falls[2] to level ground are not compensable under the statute.

■ As for prior injury, the mere fact that a claimant has a pre-existing injury or disease which enhances or aggravates the injury complained of, does not in itself defeat his right to recover under the statute. *Sowell v. Travelers Ins. Co.*, 374 S.W.2d 412 (Tex.1963); *Texas State Highway Dept. v. Fillmon*, 150 Tex. 460, 242 S.W.2d 172 (1951); *Guzman v. Maryland Casualty Co.*, 130 Tex. 62, 107 S.W.2d 356 (1937); *Commercial Standard Ins. Co. v. Noack*, 62 S.W.2d 72 (Tex.Com.App., holding approved). To defeat Page's claims for compensation because of the pre-existing injury, Texas Employers must show that the prior injury is the sole cause of Page's present incapacity. The evidence does not lend itself to that finding. Moreover, it was incumbent upon Texas Employers to plead sole cause and having failed to do so, Page was under no burden to negate that issue. See *Argonaut Southwest Insurance Company v. Morris*, 420 S.W.2d 760 (Tex. Civ.App.1967, writ ref'd n. r. e.); *Texas Employers Insurance Association v. Beard*, 390 S.W.2d 59 (Tex.Civ.App.1965, writ ref'd n. r. e.).

■ Texas Employers also contends that idiopathic falls to level ground are not compensable, and that a majority of jurisdictions refuse to allow claimants recovery for the very kind of injury that Page suffered here, citing 1 *Larson's Workmen's Compensation Law* § 12.14 (1972). Larson lists Texas as representative of a "significant minority" of jurisdictions which allow compensation for idiopathic level-floor falls.

In *Garcia v. Texas Indemnity Co.*, 146 Tex. 413, 209 S.W.2d 333 (1948), a similar

issue was before this Court. Garcia was a dockhand whose principal duty was to load and unload trucks. In the course of his employment, Garcia suffered an epileptic attack in which he fell to the ground, apparently striking his head on a steel edging which protruded from the base of a concrete pole. The jury found that the accidental injury to Garcia's head was the producing cause of his death. The question before this Court was whether there was a causal connection between the conditions under which Garcia's work was required to be performed and his resulting injury. This Court held that Garcia's injuries arose out of his employment, because "it had 'causal connection with' his injuries, 'either through its activities, its conditions, or its environments.'" This Court explicitly held that injuries may be compensable although the fall may have been due to a pre-existing idiopathic condition.

Texas Employers attempts to distinguish *Garcia* in that Garcia's injury was caused by an object which presented a peculiar hazard encountered in the scope of his employment. Texas Employers argues that the level ground or surface upon which Page fell presents no hazard which was peculiar to his employment. In *General Ins. Corp. v. Wickersham*, 235 S.W.2d 215 (Tex.Civ.App. 1950, writ ref'd n. r. e.), Wickersham was employed as a janitor in a restaurant. He fell onto a tile floor sustaining a fatal injury to his head. The cause of the fall was unknown, although the court assumed that it was caused by a dizzy spell. The court noted that cases denying compensation for level-floor falls do so on the theory that a floor presents no risk or hazard that is not encountered everywhere, and that such risks and perils as they do present are only those which confront all members of the public. On the other hand, the court noted that those cases which allow compensation do so on the theory that the injury need not be the product of a peril or hazard which exposes the employee to extraordinary risk,

---

**2.** An idiopathic fall is defined as a fall due to a diseased state of spontaneous origin which is neither sympathetic nor traumatic; that which

is self-originated; of unknown causation. See *The American Illustrated Medical Dictionary* 723 (22 ed. 1951).

in order to be compensable, not because it should have been foreseen or expected, but because it is a hazard that is peculiar to the employment, and is one that is incidental to and grows out of the employment. The court said that *Garcia, supra,* made no attempt to pass on the question of whether falls to level ground are compensable since the facts of that case did not involve the necessity for a finding on that question. However, the court added:

"We can find no sound reason for denying a recovery where the fall is to the floor, when recovery is allowed where the fall is from a ladder, or platform or similar place, or into a hole, or against some object such as a table, machine, or post. Suppose the employee had fallen against a counter or showcase. It seems clear that a recovery would be allowed under the *Garcia* case . . . ." 235 S.W.2d at 219.

This Court found no reversible error in that judgment.

In *American General Insurance Company v. Barrett,* 300 S.W.2d 358 (Tex.Civ.App. 1957, writ ref'd n. r. e.), Barrett suddenly "blacked out" and fell, striking his head on a paved road. The fatal accident occurred just as Barrett was leaving his place of employment on the company premises. An X-ray revealed a skull fracture. Testimony by doctors supported a conclusion that Mr. Barrett died from natural causes rather than from those of a traumatic origin. However, the testimony also supported a conclusion that the fracture could have caused the death. The trial court found that the skull fracture caused or contributed to cause the death of Mr. Barrett. The Court of Civil Appeals affirmed, stating that the injury originated out of the work of the employer.

"In the instant case it can be said the hard-surfaced road was an instrumentality essential to the work of the employer and falling against it was a hazard to which Barrett was exposed because of his employment and injury and death came to him because he was then working in the course of his employment. . . . " 300 S.W.2d at 363.

The court noted that the *Wickersham* holding was with the minority view, stating: "The *Wickersham* reasoning and decision and the support that the *Garcia* case indicates is persuasive and this Court is not free to depart from it."

Again, as in *Wickersham, supra,* this Court found no reversible error in the judgment. Texas Employers contends that *Wickersham* and *Barrett* are "mavericks," and because of their peculiar factual situations, they distort *Garcia.* Texas Employers also attempts to distinguish the instant case from *Wickersham* and *Barrett* on two grounds. First, it contends that in both cases workmen fell from unexplained causes while Page's fall was due solely to a pre-existing injury. This argument is without merit. *Garcia* expressly recognizes that injuries caused or aggravated by known idiopathic conditions can be compensable. Second, the employees in *Wickersham* and *Barrett* prior to their falls appeared to be in good physical condition. This argument is likewise without merit. See *Sowell v. Travelers Ins. Co., supra.*

Texas Employers' motion for an instructed verdict was based on three grounds. First, the knee "buckling" is in itself the injury complained of and since it was not produced nor did it originate out of the employer's work, it was not compensable. Second, the evidence showed that the knee "buckling" was caused by a degenerative joint disease. Third, the evidence showed that Page's problems with his knee had originated several years before and that his knee "buckled" while walking on an essentially level driveway. The trial court found in its ruling that the injury stemmed from the internal collapse of Page's "skeletal structure maintaining his erectness." Neither Texas Employers' motion for an instructed verdict nor the trial court's order dispenses with the issue of whether the parking lot surface contributed to Page's injury and if so, whether the surface represented such a hazard within the scope of Page's employment as to allow recovery for the fall and resultant injury.

The courts of this State have repeatedly held that it is error to instruct a verdict when the evidence raises any material fact issue. In passing upon the question of the trial court's authority to instruct a verdict, the evidence must be considered in the light most favorable to the party against whom the verdict is instructed. Where there is any conflicting evidence in the record of probative nature, a determination of the issue is for the jury. *Air Conditioning Inc. v. Harrison-Wilson-Pearson,* 151 Tex. 635, 253 S.W.2d 422 (1952); *White v. White,* 141 Tex. 328, 172 S.W.2d 295 (1943); *Stevens v. Karr,* 119 Tex. 479, 33 S.W.2d 725 (1930).

As heretofore stated, Texas Employers' motion for an instructed verdict did not state the specific grounds on which it now seeks our reversal. Although Rule 268, Texas Rules of Civil Procedure, provides that a motion for instructed verdict shall state the specific grounds therefor, failure to so state is not always fatal, especially if there are no fact issues raised by the evidence. See *In re Estate of Nora A. Price v. State National Bank of El Paso,* 375 S.W.2d 900 (Tex.1964); *F. W. B. Rockett, M. D. v. Texas State Board of Medical Examiners,* 287 S.W.2d 190 (Tex.Civ.App.1956, writ ref'd n. r. e.). However, we cannot say that the facts in the instant case are undisputed. There is evidence that after the fall Page's knee was swollen and that abrasions were apparent. Hospital records also support the conclusion that the injury to Page's hand and knee were of recent origin. Page's testimony surrounding the event also creates a fact issue as to the nature and extent of the injury.

As we stated in *Garcia,* a fall due to an idiopathic origin will not necessarily preclude recovery. Moreover, this Court has found no reversible error in two judgments which have allowed recovery in level-floor falls. We hold that the evidence in this case presented a fact issue of whether the injury originated out of Page's employment, that is whether there was a sufficient causal connection between the conditions under which his work was required to be performed and his resulting injury.

Accordingly, the judgment of the Court of Civil Appeals, which remanded the cause for trial, is affirmed.