**Celia GOLDSON, et al. (d/b/a Dave's Western Hat Shop), Appellants,**

v.

**SOUTHWESTERN BELL TELEPHONE CO., Appellee.**

No. 13–82–358–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 13, 1983.

Rehearing Denied Nov. 10, 1983.

Leland Cage Wavell, Corpus Christi, for appellants.

Jose J. Hernandez, San Antonio, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

Appellant, Celia Goldson d/b/a Dave's Western Hat Shop, brought this action for damages for breach of contract, negligence and fraud on the part of appellee, Southwestern Bell Telephone Co., after the appellee omitted appellant's advertisement from the yellow pages of the Corpus Christi telephone directory. At the close of the plaintiff's evidence, the trial court granted ap-

pellees an instructed verdict. Appellants contend that the granting of the instructed verdict was error because they presented sufficient evidence to raise fact issues that should have been submitted to the jury for its consideration. We agree.

 In determining the propriety of the trial court's action in granting appellee's motion for an instructed verdict, we must consider the evidence in the light most favorable to appellant, the party against whom the verdict was instructed. *Texas Employer's Insurance Association v. Page,* 553 S.W.2d 98, 102 (Tex.1977).

 It is undisputed that appellant contracted with appellee for an advertisement to be included in the May, 1981 issue of the Corpus Christi yellow pages, and that appellees omitted or failed to include such advertisement in breach of the contract. Appellant testified that her net profits on the business would have been approximately thirty-five percent (35%) greater if the ad had been run as agreed. She based her opinion on her experience as a merchant and her experience with this particular business which had been going for about six months prior to the time at which the advertisement was to appear. In addition, she relied upon factual representations included in the promotional literature distributed to her by appellee telephone company. Viewing all of the evidence in the record in the light most favorable to the appellant, and indulging in every inference to be drawn therefrom, we conclude that the trial court erred in granting the instructed verdict.

Appellee argues that, regardless of appellant's evidence, the instructed verdict was correct because the contract contained a provision limiting appellant's liability for such a breach to the amount paid for the advertising omitted. This argument is to no avail because appellant testified that appellee billed her and she paid for the omitted advertisement for the entire issue life of the yellow page directory involved. Appellant successfully raised the issues of the breach of contract *and* damages, at least in terms of the consideration paid therefor, as well as the question of reasonable attorney's fees expended in the effort of collecting for the breach. Whether or not appellant's recovery of lost profits is foreclosed by a contractual limitation of liability provision is a matter which must be developed on a subsequent trial. It is not necessary for us to rule on this or appellant's remaining point of error. Appellant's first point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.