**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**C.E. ABLES and Geneva Ables, as Qualified Community Survivors of Dennis W. Ables, Deceased, Appellees.**

No. 08–82–00194–CV.

Court of Appeals of Texas, El Paso.

Jan. 25, 1984.

Rehearing Denied Feb. 22, 1984.

Barry N. Beck, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Norma Venso, Warren Burnett, Inc., Galveston, Cliff Hardwick, Warren Burnett, Inc., Odessa, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a workers' compensation death case with judgment for the workman's survivors based on the jury verdict. We affirm.

Dennis Ables, son of Appellees, was employed by Warton Drilling Company on a drilling rig on the occasion of his death. His father, as driller, was his immediate

superior. Sometime between 3:00 and 4:00 o'clock a.m., while the crew was resting, Dennis went to fill his father's pickup with butane from the company butane tank. Shortly after 5:00 o'clock a.m., the body of Dennis Ables was found in the camper shell of the pickup with liquid butane flowing from the bleed-off valve. The autopsy report revealed that Dennis died from hypothermia and mechanical suffocation due to the exposure to liquid-gaseous propane (although the substance was propane it has by agreement been referred to throughout the trial as butane).

In his first point of error, Appellant complains of the inclusion in the charge of a clause on "temporary instruction" in the definition of injury in the course of employment. The court submitted a single issue on the occurrence of death as a result of an injury received in the course of his employment with Warton Drilling Company. The issue was followed by an instruction:

"Injury in the course of employment" means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. An employee who is temporarily directed or instructed by his employer to perform services outside the usual course of trade, business, profession, or occupation of his employer is in the course of his employment while performing services pursuant to such direction or instruction.

Appellant objected to the second paragraph and on this appeal contends there is no evidence of a temporary direction or instruction.

In order to recover workers' compensation benefits, the injury must have been sustained in the course of employment. Article 8306, sec. 1, Tex.Rev.Civ.Stat.Ann. (Vernon 1967). As a general rule, an injury sustained in the course of employment must be of a kind or character originating in or having to do with the employer's work and it must have occurred while he was engaged in the furtherance of the employer's business or affairs. Article 8309, sec. 1, Tex.Rev.Civ.Stat.Ann. (Vernon 1967); *Texas Employers Insurance Ass'n. v. Page*, 553 S.W.2d 98 (Tex.1977). An exception to this general rule is found in Article 8309, sec. 1, which is substantially the same wording as paragraph two of the charge and provides:

[P]rovided that an employee who is employed in the usual course of the trade, business, profession or occupation of an employer and who is temporarily directed or instructed by his employer to perform service outside of the usual course of trade, business, profession or occupation of his employer is also an employee while performing such services pursuant to such instructions or directions; ....

In *Biggs v. United States Fire Insurance Company*, 611 S.W.2d 624 (Tex.1981), the Supreme Court noted that the purpose underlying the enactment of the exception was to eliminate a dilemma that would otherwise face an employee when instructed to perform a task outside his employer's usual business to-wit: either obey his employer and lose his compensation coverage or disobey his employer and lose his job.

■ In reviewing Appellant's no evidence point, we consider only that evidence and the reasonable inferences that can be drawn therefrom in their most favorable light to support the jury's findings while disregarding all others. *Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572 (Tex.1981).

■ There was evidence that Dennis' father and supervisor, C.E. Ables, instructed him to keep his (C.E. Ables) pickup full of butane from the company tank. The instruction was not given at the time or on the day of the occurrence, but some months before. However, it was a standing order to "keep" the tank filled. To comply with the order the employee necessarily would be temporarily absent from his duties as a motor man on the drilling rig. Appellant urges there is no evidence of the necessary element of authority for

the order. The court in *Biggs*, supra, held that when actual authority on the part of the supervisor is lacking, the employee should be allowed to rely on apparent authority to establish the supervisor's authority from his employer in order to bring his injury under this "temporary direction" exception. In *Biggs* the court said:

> Apparent authority is based on the doctrine of estoppel, and one seeking to charge the principal through apparent authority of an agent must establish conduct by the principal that would lead a reasonably prudent person to believe that the agent has the authority that he purports to exercise.

There is evidence of acts on the part of his employer which would lead Dennis Ables to believe that his father apparently had authority to direct him to fill the pickup. The company's only use of butane was to run the motors of the drilling rig and to heat with it in two stoves. Yet, a hose, which could only be used for filling vehicles had been attached to the butane tank for some months. The hose was readily observable by those in authority over the driller and it was not removed or hidden. Use of the butane in Ables pickup had been going on before this occasion and other employees had used it before. On one occasion the driller had been asked by his supervisor to fill the supervisor's pickup truck. Dennis Ables could have reasonably believed that the driller had authority to order him to fill his pickup from the company's butane tank. Considering the evidence in the light which we must, the court did not err in submitting the instruction.

Appellant urges that Dennis Ables was not in the scope and course of his employment because he was in the act of committing the crime of theft. If, as we have noted, he thought the driller had authority to order him to use the butane, then he did not have the requisite intent to deprive the owner of property without the owner's consent, Tex.Penal Code Ann. sec. 31.03(a) (Vernon Supp.1983) and since he had the consent of his supervisor to fill up the pickup he had the effective consent of the owner of the property. Section 31.01(4) of the Texas Penal Code (Vernon 1974), states that effective consent can be given by anyone legally authorized to act for the owner. We do not view the facts as meeting the requisite elements of the criminal offense of theft. Hence, we do not reach the question of the effect of a violation of a penal law on a compensation claim.

In keeping with standards of review for factually insufficient evidence points, we have considered all the evidence, both pro and con, and we overrule Appellant's point that the evidence is factually insufficient to support the jury finding that the employee died as a result of injury received in the course of his employment. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

All points of error have been considered and all are overruled. The judgment of the trial court is affirmed.