Robert Wayne Stout v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-280-CR

     ROBERT WAYNE STOUT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,082
                                                                                                                
                                                                                                      
O P I N I O N
                                                                                                                

      A jury convicted Robert Stout of aggravated sexual assault of a child and the court sentenced
him to forty-five years’ imprisonment. He claims in two points that the trial court erred by: 1)
failing to enforce a plea bargain agreement with the State and; 2) denying discovery of the victim’s
Texas Department of Protective and Regulatory Service (“TDPRS”) records and medical records. 
Plea Agreement
      Stout accepted the State’s initial plea offer of eight years’ imprisonment. However, prior to
trial, the State withdrew the offer. Stout argues that the court is required to recognize and enforce
the plea agreement because, after acceptance, the offer became a binding contract that carries
constitutional significance. The State argues that the agreement is not a contract because it was
never approved by the trial judge. We agree with the State. A plea agreement does not become
enforceable until the plea has been entered and the court announces that it will be bound by the
agreement. See Ex Parte Williams, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982); Bryant v.
State, 974 S.W.2d 395, 398 (Tex. App.—San Antonio 1998, pet. ref’d). The State is bound to
carry out its side of the bargain only when the agreement is accepted by the trial court. Ex Parte
Austin, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988). In this case the State withdrew the plea
offer before it was presented to the trial court. Accordingly, we overrule Stout’s first point.
Brady Material
      Stout argues in his second point that the trial court improperly denied discovery of the
victim’s TDPRS and medical records. He alleges that the victim made exculpatory statements to
therapists and caseworkers that are discoverable under Brady v. Maryland, 373 U.S. 83, 83 S.Ct.
1194, 10 L.Ed.2d 215 (1963). Stout made a pretrial Brady motion and the trial court conducted
an in-camera review of the records in question. The court found that no exculpatory material
existed in the records.
      The State has an affirmative duty to disclose material, favorable evidence to the defense. 
Cook v. State, 940 S.W.2d 623, 626 (Tex. Crim. App. 1996); Ex Parte Kimes, 872 S.W.2d 700,
702 (Tex. Crim. App. 1992). Favorable evidence is any evidence that “if disclosed and used
effectively, may make the difference between conviction and acquittal.” United States v. Bagley,
473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); Thomas, 841 S.W.2d at 404. 
Impeachment evidence is considered favorable and thus included within the State’s affirmative duty
to disclose. Ethridge v. State, 903 S.W.2d 1, 20 (Tex. Crim. App. 1994). Material evidence is
that which creates a probability sufficient to undermine confidence in the outcome of the
proceeding. Cook, 940 S.W.2d at 627 (citing Bagley, 473 U.S. at 676).
      After a review of the records that the trial court evaluated in-camera, we find no material,
favorable evidence. The records at issue do not contain any statements tending to exculpate Stout. 
Thus, the trial court did not err in denying discovery of the victim’s TDPRS records and medical
records. Point two is overruled.
      The judgment of the trial court is affirmed.
 
 

                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 17, 2001
Do not publish
[CRPM]



t: 0.388889in">      In reviewing the propriety of a directed verdict, we examine the record for any probative
evidence which raises a fact issue on the question presented. Szczepanik v. First S. Trust Co., 883
S.W.2d 648, 649 (Tex. 1994); State Farm Fire and Cas. Ins. v. Vandiver, 970 S.W.2d 731, 735
(Tex. App.—Waco 1998, no pet.). We view the evidence in the light most favorable to the party
against whom the court directed the verdict, disregarding any contrary evidence and inferences. 
Id. If the record contains any conflicting probative evidence on an issue, the issue should be
submitted to the jury. Id.
      We must affirm a directed verdict, however, if the record discloses a ground that establishes,
as a matter of law, that the movant was entitled to judgment, even though the ground was not
embodied in the motion for directed verdict. Texas Employers Ins. Ass’n v. Page, 553 S.W.2d
98, 102 (Tex. 1977); Villarreal v. Art Institute of Houston, Inc., 20 S.W.3d 792, 796 (Tex.
App.—Corpus Christi 2000, no pet.).
DISCUSSION
Actual Knowledge of the Employer
      Section 409.001 of the Workers’ Compensation Act (“WCA”) requires an employee to notify
the employer of an injury not later than the 30th day after the date on which (1) the injury occurs,
or (2) if the injury is an occupational disease, the employee knew or should have known that the
injury may be related to the employment. Tex. Lab. Code Ann. § 409.001 (Vernon 1996). 
Saenz claims that because of her work as a seamstress at Walls, she suffers from carpal tunnel
syndrome. Under the WCA, a repetitive trauma injury like carpal tunnel syndrome is an
“occupational disease.” Id. § 401.011(34) (Vernon Supp. 2000). Therefore, Saenz was required
to notify Walls of her injury to her hands not later than the 30th day after which she knew or
should have known that the injury may be work-related.
      In DeAnda v. Home Ins. Co., the Supreme Court reviewed the purpose of the thirty-day notice
requirement of an earlier version of the WCA. 618 S.W.2d 529 (Tex. 1980). The Court noted
that the purpose of the notice requirement can be fulfilled without the need of any particular form
or manner of notice. Id. at 532. Furthermore, the Court stated that the need for notice can be
dispensed with when the employer has actual knowledge of the injury. Id. The Court held that
for an employee to fulfill the notice requirement, the employer need only know the general nature
of the injury and the fact that it is job related. Id. at 533.
      In this appeal, we rely on DeAnda and a line of precedent holding that the thirty-day notice
requirement is satisfied when an employer actually knows of an employee’s job related injury
within the thirty-day period. E.g., U.S. Fire Ins. Co. v. Ramos, 863 S.W.2d 534, 538 (Tex.
App.—El Paso 1993, writ denied); Belknap v. Texas Employers’ Ins. Ass’n, 556 S.W.2d 587, 588
(Tex. Civ. App.—Dallas 1977, no writ); Twin City Fire Ins. Co. v. Gibson, 488 S.W.2d 565, 573
(Tex. Civ. App.—Amarillo 1972, writ ref’d n.r.e.).


 Thus, the issue is whether there is any
probative evidence in support of Saenz’s contention that her employer had actual knowledge of her
injury which would dispense with her duty to comply with the thirty-day notice requirement. If
such evidence exists, then there was a fact issue for the jury to decide and a directed verdict was
improper.
      Saenz testified that she started feeling severe pain in her hands in May 1997. Although she
cannot remember the exact dates of her conversations with her supervisor and the other
employees, a jury could infer that those conversations occurred around the same time she began
to feel the pain in her hands. Saenz said that she asked the payroll secretary for wristbands to
provide support for her ailing hands. She also requested wristbands from her supervisor for the
same reason—her hands hurt. Saenz then asked the payroll secretary and the plant manager if they
could arrange a doctor’s appointment for her to have her hands examined. The payroll secretary
said “we don’t do that” for employees. The plant manager told Saenz to “do whatever she had
to do.”
      The Supreme Court in DeAnda approved a line of cases which held that actual knowledge
acquired by a foreman, or other supervisory personnel, or agent designated by the employer to
receive such information, will suffice as actual knowledge by the employer. DeAnda, 618 S.W.2d
at 533; Tex. Lab. Code Ann. § 409.001(b). Therefore, through Saenz’s conversations with
supervisory personnel, i.e., her direct supervisor and the plant manager, about her injury, a jury
might conclude that her employer had acquired knowledge of her injury and that it was job-related.
      We must view this evidence in the light most favorable to Saenz, the party against whom the
court directed the verdict. Saenz’s testimony of her conversations with her supervisor, the payroll
secretary, and the plant manager provide the inferences upon which a jury might conclude that her
employer had actual notice of the injury to her hands. There is an inference that her supervisor
understood that the injury to Saenz’s hands was work-related. This inference of notice to her
employer is stronger considering Saenz also told the plant manager that she needed to see a doctor
about her hands. We conclude there is a fact issue about whether Saenz’s employer had actual
knowledge of her injury within the required notice period, and it should be submitted to a jury.
      Our analysis is not complete despite finding at least one fact issue. Before we can dispose of
this appeal we must address the Company’s assertion that the issue of “causation” is a different
ground that establishes, as a matter of law, that the Company was entitled to a directed verdict,
even though the ground was not embodied in its motion for directed verdict. Page, 553 S.W.2d
at 102; Villarreal, 20 S.W.3d at 796.
Causation
      The Company argues that Saenz provided no evidence in her case-in-chief to link her hand
injuries to her work as a seamstress for Walls Industries. Saenz did not provide any expert
testimony on causation.


 The only evidence on causation is from Saenz’s testimony. We provide
a summary of her testimony below.
      Saenz testified that she began working for Walls in 1995. She said her wrists did not become
sore from work until 1997 when she began sewing elastic bands into “rain pants.” She said that
the pain in her wrists progressively worsened, and in hopes of relieving the pain she asked the
payroll secretary and her supervisor for wristbands. Her request was ignored, and a co-worker
made a pair of wristbands for Saenz. According to Saenz, the make-shift wristbands did not
alleviate the pain. Saenz went to her doctor to have her hands examined and told him that her
hands were “hurting real bad from my work, from pulling elastics . . . .” Saenz also testified that
she had suffered from carpal tunnel syndrome in 1994. But she said the pain in her hands then
was not as severe as the pain she felt in 1997.
      Under the Workers’ Compensation Act, a claimant is required to prove that the injury for
which she seeks compensation arose out of her employment. Parker v. Employers Mutual Liability
Ins. Co. of Wisconsin, 440 S.W.2d 43, 45 (Tex. 1969); INA of Texas v. Adams, 793 S.W.2d 265,
267 (Tex. App.—Beaumont 1990, no pet.); Hernandez v. Texas Employers Ins. Ass’n., 783
S.W.2d 250, 253 (Tex. App.—Corpus Christi 1989, no pet.). Lay testimony is one method by
which the producing cause element is proven. However, the adequacy of lay testimony to prove
causation has been limited to those cases where the general experience of, or common sense of,
jurors is such that they can anticipate one event will follow another. Parker, 440 S.W.2d at 46. 
For lay testimony to be sufficient to prove causation, the testimony must prove at least that the
injury in “reasonable probability” caused the claimed result. Id.
      In the instant case, the evidence shows that Saenz experienced no pain in her hands during the
first two years of her employment at Walls. However, when she began sewing elastic bands into
“rain pants” in the spring of 1997, she began experiencing soreness in her wrists. Soon after
noticing the pain, Saenz asked both the payroll secretary and her supervisor for wristbands to
support her hands. Despite Saenz’s use of make-shift wristbands, the pain in her hands worsened. 
Saenz then asked the payroll secretary and the plant manager about seeing a doctor to have her
hands examined. After they refused, she saw her own doctor, telling him that her hands “were
hurting real bad from my work, from pulling elastics . . . .” Ultimately, Saenz had surgery on
her hands to relieve the severe pain. We note that an injury arises out of employment if the
employment is a producing cause—which means even if there are other causes for the injury, the
employment need only be “a” cause. Texas Workers’ Compensation Ins. Fund v. Simon, 980
S.W.2d 730, 736 (Tex. App.—San Antonio 1998, no pet.).
      We believe this evidence establishes a sequence of events, from which the jury might have
inferred, without the aid of expert medical testimony, that Saenz’s work as a seamstress was “a”
cause of her carpal tunnel syndrome. We find that some evidence was admitted in Saenz’s case-in-chief to raise a fact issue on causation to be submitted to the jury.
CONCLUSION
      The trial court improperly granted the Company’s motion for a directed verdict. The
judgment of the trial court is reversed, and the cause is remanded for a new trial.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed December 12, 2001
Publish
[CV06]