NO. 07-05-0373-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 28, 2006
_____

YVONNE COOPER, APPELLANT

V.

ST. PAUL FIRE AND MARINE INS. CO. AND
TEXAS MUTUAL INSURANCE COMPANY, APPELLEES
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-560,059; HONORABLE SAM MEDINA, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Yvonne Cooper appeals the denial of her summary judgment and the trial court's granting of appellees', St. Paul Fire and Marine Insurance Company (St. Paul) and Texas Mutual Insurance Company (Texas Mutual), motions for summary judgment.  We affirm.

Background

Cooper was injured in 1994 while working for NTS Communications during a time that Texas Mutual[1] was the company's workers' compensation carrier. After receiving Cooper's workers' compensation claim, Texas Mutual began to pay benefits. Shortly thereafter, Cooper was also diagnosed with a degenerative disk disease.

On July 9, 1996, Cooper reinjured her back while working for NTS; at that time, St. Paul was the workers' compensation carrier for the company. Following the 1996 injury, Cooper filed a second claim with the Texas Workers' Compensation Commission (Commission) for additional benefits. The Commission consolidated the second claim with Cooper's previous administrative claim against Texas Mutual for the 1994 injury.

On August 19, 1996, Texas Mutual filed a Motion of Refused/Disputed Claim on the basis that Claimant had reinjured her back on July 9, contending that St. Paul was responsible for new medical expenses incurred after the 1996 injury. In September 1996, after a treating doctor confirmed Cooper's previous diagnosis of a degenerative back condition and chronic lower back pain, St. Paul disputed Cooper's claim based on its belief that the medical expenses incurred were related to Cooper's degenerative back condition as well as the 1994 injury.

Because both companies denied coverage of medical expenses, Cooper requested a benefit review conference (BRC) from the Commission. After the BRC, a benefits review

---

[1] At the time of the injury, the company was known as the Texas Workers' Compensation Insurance Fund.

2

officer determined that the 1994 injury was not a producing cause of Cooper's then current back condition, and that St. Paul was responsible for payment of medical expenses incurred by Cooper. Pursuing administrative remedies, St. Paul sought a contested case hearing (CCH). At the hearing, the CCH officer affirmed that the 1996 injury was a producing cause of Cooper's back condition, that the 1994 injury was not solely the cause of Cooper's then current back condition, and that both Texas Mutual and St. Paul were to pay benefits. St. Paul appealed the CCH officer's decision; however, the commission appeals panel affirmed the CCH officer's decision.

Having exhausted its administrative remedies, St. Paul sought judicial review by appealing to the District Court and requesting a jury trial. See TEX. LAB. CODE ANN. § 410.251 (Vernon 2006). While awaiting trial, Texas Mutual and St. Paul entered into an agreement nonsuiting their claims against one another, and Texas Mutual was not required to participate in the trial.

In September 2004, a jury trial was held in which the jury was asked to answer three questions: (1) Did Cooper injure her back during the course of her employment on July 9, 1996; (2) is Cooper's back condition (after 1996) solely due to her 1994 injury; and (3) is Cooper's back condition (after 1996) a result of the 1996 injury? Although the jury concluded that Cooper did suffer an injury in 1996, the jury answered the next two questions as "NO." The trial court concluded that the jury found that the 1994 injury was not the sole cause of Cooper's current back condition, and that the jury found that Cooper's back condition was not the result of the 1996 injury. Based on the jury findings, the trial court entered judgment for St. Paul, and denied Cooper's request for attorney fees.

In addition to the jury trial requested by St. Paul, Cooper had filed counterclaims against St. Paul and a third party petition against Texas Mutual alleging bad faith, violations of the Deceptive Trade Practices Act (DTPA), and violations of article 21.21 of the Texas Insurance Code. The basis of the claims were that the two insurance companies misrepresented to the trial court that an aggravation of an injury was not a new injury and that the two companies colluded to refuse payment to Cooper of medical expenses pending trial. However, these counterclaims were severed from the jury trial requested by St. Paul and were abated until the conclusion of the jury trial. After the jury's verdict, the trial court consolidated Cooper's counterclaims with the cause tried before the jury and set all the cases for a hearing on the parties' motions for summary judgment. At the hearing, the trial court heard the parties' evidence, and awarded judgment in favor of St. Paul based on the jury's verdict, granted St. Paul's and Texas Mutual's motions for summary judgment as to the Cooper's counterclaims, and denied Cooper's motion for summary judgment.

## Issues presented

Cooper raises seven issues on appeal contending that the trial court erred in: (1) awarding judgment in favor of St. Paul based on the jury's answers; (2) denying Cooper's Motion to Award Attorney Fees; (3) granting the insurance companies' motions for summary judgment and denying Cooper's motion for summary judgment; (4) excluding part of Cooper's summary judgment evidence against St. Paul; (5) denying Cooper's Motion to Compel disclosure of the agreement letter between the companies during the summary judgment hearing; and (6) refusing to allow evidence of the agreement between the companies into evidence during the jury trial. As a seventh issue, Cooper contends that,

4

if the appeal of the jury trial is remanded back to the trial court, the erroneously excluded evidence should be allowed into evidence.

_____Judgment in favor of St. Paul and Denial of Attorney Fees

A trial court has a duty to ascertain the intention of a jury's answers, harmonize or reconcile the answers and issues, and render a judgment in conformity with the jury's answers.  See State v. Hale, 136 Tex. 29, 41, 146 S.W.2d 731, 739 (1941).  When jury findings are ambiguous, a trial court may examine the issues and evidence submitted; after an examination of the issues and evidence, the trial court can then ascertain the proper interpretation of the verdict.  See Jackson v. U.S. Fidelity and Guar. Co., 689 S.W.2d 408, 412 (Tex. 1985); Hale, 146 S.W.2d at 739.  In appealing from an adverse judgment, an appellant has the burden to show that the judgment of the trial court was erroneously rendered and entered.  See Travelers Ins. Co. v. Brown, 402 S.W.2d 500, 504 (Tex.1966).  If the jury findings are ambiguous or unclear, the appellate courts must try to interpret the findings so as to uphold the judgment.  First Federal Sav. & Loan Ass'n of Dallas v. Sharp, 359 S.W.2d 902, 903 (Tex.1962).

Cooper contends that the trial court misinterpreted the jury's verdict and erroneously awarded judgment in favor of St. Paul.  Cooper relies on Texas Employers Ins. Ass'n v. Page for its contention that, since the jury found that the 1994 injury was not the sole cause of Cooper's back condition, St. Paul was not absolved of liability.  See Texas Employers Ins. Ass'n v. Page, 553 S.W.2d 98 (Tex. 1977).   Hence, Cooper claims that judgment should not have been awarded to St. Paul and that the trial court erred in doing so.

5

However, contrary to Cooper's representation, <u>Texas Employers</u> does not stand for the premise that an insurance carrier incurs liability for a subsequent injury unless it negates a prior injury as the sole cause. <u>Texas Employers</u> dealt with an instructed verdict in which the trial court did not allow a jury to make a determination of the distribution of liability between the two injuries. <u>Id</u>. at 101. In determining that the trial court should not have granted an instructed verdict, the Texas Supreme Court stated that a material issue was raised and that a request for an instructed verdict should have been denied because the insurance company did not show that the prior injury was the sole cause of the present condition. <u>Id</u>. at 102. As such, the Supreme Court held that the jury should have been allowed to make a determination of liability. <u>Id</u>. In this case, the jury found that the 1994 injury was not the sole cause of Cooper's back condition; however, it also found that the back condition was not a result of the 1996 injury. Accordingly, <u>Texas Employers</u> is inapplicable to the present case because the jury in the present case was allowed to return a verdict and specifically found that Cooper's back condition was not the result of the 1996 injury.[2] Thus, to the extent that the jury's answers can be considered ambiguous, we conclude that the trial court has harmonized the jury's answers and issues and render a judgment in conformity with the jury's answers. <u>See</u> <u>Hale</u>, 136 Tex. at 41.

Next, Cooper contends that the trial court erred in denying her Motion to Award Attorney Fees. The responsibility of attorney fees shall be governed by the workers' compensation laws in effect on the date of the request for judicial review. <u>See</u> TEX. LAB.

---

[2] Considering that the jury also had evidence of Cooper's degenerative disk disease, the jury answers are not inconsistent.

6

CODE ANN. § 408.221 historical note (Vernon 2006) [Act of May 25, 2001, 77th Leg., R.S., ch. 1456, § 8.04, 2001 Tex. Gen. Laws 5167, 5190]. The law in effect when the judicial review was requested by St. Paul did not provided for attorney fees to be paid by an insurance company that successfully seeks and prevails upon judicial review. See Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1191. Therefore, we conclude that the trial court did not err in denying Cooper's request for attorney fees.[3] We overrule Cooper's first two issues.

Summary Judgment in favor of Insurance Companies
and Denial of Cooper's Motion

Relating to her counterclaims, Cooper contends that the insurance companies colluded to delay payment of medical expenses. During the appeal process, St. Paul did not make payments to Cooper. Texas Mutual would make payments for expenses, but only if related to the 1994 injury and continued to dispute payment of expenses it felt were related to the 1996 injury. Thus, Cooper contends that the insurance companies engaged

---

[3] Appellant contends that the present lawsuit is governed by the current section 408.221 of the Texas Labor Code which includes a provision allowing recovery of attorney fees from insurance companies who seek judicial review of an appeals panel decision when a claimant prevails on the issues raised on judicial review. Act of May 25, 2001, 77th Leg., R.S., ch. 1456, § 8.01, sec. 408.221, 2001 Tex. Gen. Laws 5167, 5189. (amended 2005) (current version at TEX. LAB. CODE ANN. § 408.221 (Vernon 2006)). Even if the present lawsuit was governed by the current section 408.221, we have concluded that the trial court did not err in awarding judgment in favor of St. Paul because Cooper is not the prevailing party at trial. Since Cooper is not the prevailing party and has not provided any statutory authority for the award of attorney fees to her as the non-prevailing party, we conclude that any basis for an award of attorney fees to a non-prevailing party has been inadequately briefed and thus waived. See TEX. R. APP. P. 38.1(h); See Thedford v. Union Oil Co. of Cal., 3 S.W.3d 609, 615 (Tex.App.-Dallas 1999, pet. denied).

7

in unconscionable actions and delayed an offer of medical care despite the BRC and CCH findings in Cooper's favor. Further, Cooper contends that St. Paul falsely represented to the trial court that aggravation of injury is not an injury under the Texas Workers' Compensation Act, and that Texas Mutual joined St. Paul in that representation.[4] Cooper's theories of liability against St. Paul and Texas Mutual are claims of bad faith, a violation of article 21.21 of the Texas Insurance Code,[5] and a violation of chapter 17, subchapter E of the Texas Business and Commerce Code, commonly known as the Texas Deceptive Trade Practices-Consumer Protection Act. St. Paul counters that, since the jury trial absolved St. Paul of liability of the underlying compensation claim, no extra contractual liability exists. Finally, both companies also raise the defense of statute of limitations to the extra contractual allegations made by Cooper.

When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, a reviewing court examines the summary judgment evidence presented by both sides, determines all questions presented, and renders the judgment the trial court should have rendered. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

---

[4] St. Paul sought and received a summary judgment based on the legal theory that aggravation of a prior injury is not an "injury" as defined by the Texas Workers' Compensation Act. However, the granting of the summary judgment was appealed and reversed by this court in Cooper v. St. Paul Fire & Marine Ins. Co., 985 S.W.2d 614 (Tex. App.–Amarillo 1999, no pet.).

[5] The Texas Insurance Code has since been codified; however the codification was not intended to effect substantive changes in the law. See Act of May 22, 2003, 78th R.S., ch. 1274, § 27, 2003 Tex. Gen. Laws 3611, 4139. For purposes of clarity and consistency, we will use the same terminology as the parties.

Although Cooper believes that St. Paul was acting in bad faith by disputing an aggravation of an injury as a valid claim, simply disputing a claim, even if it is later determined to be an erroneous denial, does not subject a workers' compensation carrier to liability for bad faith.  See Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210, 213 (Tex. 1988).  A workers' compensation claimant who asserts that a carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.  Id.  More importantly, when a jury finds that a party is not covered under an insurance policy and is not entitled to recover under the policy, a company is not liable for a breach of good faith dealing, a violation of the Insurance Code, or a violation of the Texas Deceptive Trade Practices-Consumer Protection Act for its denial of a claim.  See generally Commonwealth Lloyds Ins. Co. v. Downs, 853 S.W.2d 104, 118-19 (Tex.App.–Fort Worth 1993, writ denied); see also Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 804 (Tex. 2001) .  Since the jury in this matter found that, although Cooper did receive an injury in 1996, Cooper's back condition was not a result of the 1996 injury, we conclude that St. Paul is not liable for a breach of good faith dealing, or any violation of the Texas Insurance or Business and Commerce Code.  We conclude that the trial court correctly granted St. Paul's motion for summary judgment and denied Cooper's motion for summary judgment on Cooper's extra contractual claims against St. Paul.

As to Cooper's extra contractual claims against Texas Mutual, Texas Mutual contends that Cooper's claims are barred by the statute of limitations. In each of Cooper's counterclaims, the statute of limitations is two years. See TEX. CIV. PRAC. & REM. CODE ANN. 16.003; Act effective April 4, 1985, 69th Leg., ch. 22, § 3, 1985 Tex. Gen. Laws 395, 395-96 (repealed 2003) (current version at TEX. INS. CODE ANN. § 541.162) (Vernon 2006); TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 2002). Although Cooper cites Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826 (Tex. 1990), for the proposition that the statute of limitation begins when a company wrongfully denies coverage, Cooper misinterprets the case. In Murray, the court emphasized that a cause of action accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy, not when the insurance company admitted to wrongly denying the claim. Murray, 800 S.W.2d at 828. Put another way, a cause of action can generally be said to accrue when the wrongful act effects an injury. Id. (citing Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990)). In this particular case, the act causing injury is the denial of benefits by the two companies. Texas Mutual's denial occurred when the company notified Cooper on August 19, 1996, in writing, that it was disputing the claim. Based on this denial, Cooper was able to seek legal remedy by requesting a BRC. Because of the legal remedies available to Cooper, we conclude that the statute of limitations began at that point. Cooper did not raise the extra contractual claims against Texas Mutual until February 22, 1999, which is outside the two year statute of limitations. Therefore, we conclude that the trial court properly granted Texas Mutual's motion for summary judgment, and properly denied Cooper's motion of summary judgment. We overrule Cooper's third issue.

10

_____Exclusion of Summary Judgment Evidence
and Denial of Motion to Compel

Next, Cooper disputes the trial court's ruling on three exhibits: portions of Texas Mutual's records consisting of communications between the insurance companies, a letter from Cooper's counsel to Texas Mutual, and Cooper's attorney's affidavit proving attorney fees. Additionally, Cooper contends the trial court erroneously denied its Motion to Compel seeking communication between the companies because, if privileged, the notes were unsupported by documentation supporting its privileged status. Both of these issues relate to the exclusion of summary judgment evidence.

We assume that Cooper is arguing that, because the evidence was excluded, the summary judgment was improper. Admission or exclusion of evidence is within the discretion of the trial court. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex.1995). Reversing a summary judgment based on an evidentiary error requires appellant to show that there was indeed an evidentiary error and that the error probably resulted in an improper judgment. Id. To successfully challenge an evidentiary ruling, the complaining party must show that the judgment turns on the particular piece of evidence that was excluded or admitted. Alvarado, 897 S.W.2d at 753-54.

However, Cooper only asserts that evidentiary errors exist. Cooper makes no attempt to connect any individual piece of excluded evidence to any particular issue or to argue that the judgment of the trial court turned on the excluded evidence. Therefore, without deciding whether evidentiary error exists, we hold that Cooper has failed to carry

her burden necessary for us to find reversible error in the trial court's evidentiary rulings. Id. Cooper's fourth and fifth issues are overruled.

Exclusion of evidence at trial of the insurance companies agreement

Finally, Cooper contends that the trial court erred in excluding the companies' letter agreement from the trial because the agreement was a party admission, TEX. R. EVID. 801(e)(2), and evidence of the company's inconsistent position, TEX. R. EVID. 613. However, under the abuse of discretion standard applied to decisions on whether to admit or exclude evidence, see Alvarado, 897 S.W.2d at 753-54, Cooper has not discussed how the evidentiary ruling, if error, resulted in an improper judgment. Id. Hence, we conclude that the trial court did not commit reversible error.[6]

Therefore, we overrule Cooper's sixth issue.

Conclusion

Having overruled all of Cooper's issues,[7] we affirm the trial court.

Mackey K. Hancock
Justice

_____

[6] Cooper also contends that the letter agreement improperly released Texas Mutual from suit, and that judgment was required to be rendered in her favor. Although Cooper cites Latham v. Security Ins. Co. of Hartford, 491 S.W.2d 100, 105 (Tex. 1972) for the proposition that all parties before the commission must be made parties to the suit, a close inspection of Latham reveals that only parties who desire to challenge the administrative decision are required to participate in the suit. Id.

[7] Having addressed and overruled Cooper's first six issues, we need not address Cooper's final request to consider the admissibility of evidence upon remand. TEX. R. APP. P. 47.1.

12